UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT BUFFINGTON**<br>      Plaintiff; | **CIVIL ACTION NO: 16-156** |
| **VERSUS** | **JUDGE:** |
| **THE BATON ROUGE POLICE DEPARTMENT & OFFICER CLIFTON CROUCH**<br>      Defendants. | **MAGISTRATE:** |

## COMPLAINT

The petition of Brett Buffington, a resident of the full age of majority of the Parish of East Baton Rouge, who, with respect, represents:

1.

Made Defendants herein are:

A. **Baton Rouge Police Department, a Division of the City/Parish Government of the Parish of East Baton Rouge;**

B. **Officer Clifton Crouch;** a resident of the full age of majority of the State of Louisiana.

### FACTS COMMON TO ONE OR MORE CLAIMS

2.

In the early morning hours, on or about May 29, 2015, WBRZ reporter Brett Buffington and WBRZ Executive Producer Trey Schmaltz, were driving through the Garden District in Baton Rouge, Louisiana towards Trey Schmaltz's home. The two men noticed a large Baton Rouge Police Department presence near the intersection of Oleander Street and Eugene Street. They parked their vehicle at Schmaltz's home and walked one block back towards the intersection.

3.

The location with all of the police activity was not marked by barricades or any visible borders of a crime scene. When Buffington and Schmaltz walked up to the scene, they were approached by

Officer Clifton Crouch, who requested that they move away from the scene. Buffington and Schmaltz identified themselves as reporters from WBRZ and immediately complied with the officer's request by crossing the street and distancing themselves from the police activity.

4.

After crossing the street, Buffington used his iPhone without a flash to snap a photo of the scene. Officer Crouch immediately crossed the street, handcuffed Trey Schmaltz, and placed him in the back seat of a police cruiser. Buffington, without the use of a flash, took a second photo to document Officer Crouch's actions. Officer Crouch then approached Buffington, grabbed the back of his shirt and pushed him into the back seat of the police cruiser.

5.

At this point, concerned about the obviously unlawful detention, Buffington took another photo with his iPhone of the street sign to document the location. This time the iPhone flashed and Officer Crouch returned to the vehicle, took Buffington's phone, and placed him in handcuffs.

6.

Buffington heard Officer Crouch bragging to several other officers that he "had Channel 2 in the backseat". Officer Crouch prepared misdemeanor summons for both Buffington and Schmaltz for violation of LSA-RS 14:329 "Interfering with a Law Enforcement Investigation". Crouch then removed their handcuffs and told Buffington and Schmaltz that they were free to leave.

7.

Officer Crouch then got back into his police cruiser and began to drive away. As Crouch was driving away with his window rolled down, Buffington said in a calm tone to Officer Crouch, "I hope you enjoy the rest of your career". Officer Crouch immediately stopped his vehicle, ordered Buffington to stop, and threatened to taze him.

8.

Buffington complied with the command, at which time Officer Crouch informed him, "You just talked yourself into a felony." Officer Crouch put handcuffs back on Buffington and put him back into the police cruiser.

9.

Officer Crouch drove Buffington to the BRPD substation. Upon arrival, Officer Crouch shackled Buffington's ankles and took him inside of the substation. Buffington was taken to a holding cell. He was then taken to BRPD booking on Shelley Street.

10.

Buffington was booked on LSA-RS 14:122 Public Intimidation and Retaliation. He was photographed, fingerprinted, and a DNA sample was taken. He was then taken to East Baton Rouge Parish Prison.

11.

When he was being booked into the prison, Officer Crouch told the Sheriff Deputy at the prison, "Yeah, he is on something" and "watch what you say, he is from Channel 2".

12.

After being held in a prison cell for some time, Buffington was taken to a bathroom and ordered to strip naked, bend over, and cough. He redressed in an orange prison jumpsuit and prison shoes. Upon return to another cell, Buffington was subjected to harassment and intimidation by other inmates. Buffington also overheard a uniformed officer advising another inmate that they were going to "break" him. Later, Buffington was ushered into another room to watch a prison rape video, suggesting he may be raped while he was in custody.

13.

Approximately 10 hours after being unlawfully arrested and detained by Baton Rouge Police Department, Buffington was released on bail. After reviewing the facts of the case, the District Attorney's Office decided not to prosecute Buffington on either the misdemeanor or the felony charge.

## COUNT ONE
## 42 USCA §1983
### 1st Amendment Retaliation – Recording Police Officers

14.

Made Defendant to Count One: Officer Clifton Crouch.

15.

The Defendant named in this count acted under the color of law to deprive Brett Buffington of his clearly established rights under the 1st Amendment to the United States Constitution, which protects the right to record police officers performing their duties in a public space.

16.

Buffington engaged in the constitutionally protected activity of taking a photograph.

17.

As a result, Officer Crouch immediately arrested Buffington after he identified himself as a reporter from Channel 2.

18.

Officer Crouch then proceeded to openly brag to his colleagues that he had "Channel 2 in the back seat."

19.

The act of arresting a citizen and issuing a misdemeanor summons for Interfering with a Law Enforcement Investigation in response to engaging in constitutional protected activity is certainly enough to chill a person from continuing to engage in that activity.

20.

As a result of the actions of the Defendant, the Plaintiff is entitled to damages for the Defendants' retaliation for engaging in activities protected by the 1st Amendment.

21.

The Plaintiff should be awarded punitive damages due to the Defendants' reckless and callous indifference to Brett Buffington's constitutional rights.

## COUNT TWO
## 42 USCA §1983
## 1st Amendment Retaliation – Criticizing an Officer

22.

Made Defendant to Count Two: Officer Clifton Crouch.

23.

The Defendant named in this count acted under the color of law to deprive Brett Buffington of his clearly established rights under the 1st Amendment to the United States Constitution, which protects a citizen's right to criticize or verbally challenge police action without risking arrest.

24.

After Officer Crouch issued the misdemeanor summons for Interfering with a Law Enforcement Investigation, he removed Buffington's handcuffs and told him and Schmaltz that they were free to leave.

25.

As Officer Crouch was driving away, he heard Buffington say, "I hope you enjoy the rest of your career."

26.

Officer Crouch responded by stopping his police cruiser, ordered Buffington to stop, and threatened to taze him. He then said, "You just talked yourself into a felony."

27.

As a result of exercising his 1st amendment right to free speech, Buffington was shackled, taken to a holding cell, and booked for Public Intimidation and Retaliation.

28.

Brett Buffington was humiliated and intimidated as a result of the Defendant's assertion of his authority.

29.

As a result of the actions of the Defendant, the Plaintiff is entitled to damages for the Defendants' retaliation for engaging in activities protected by the 1st Amendment.

30.

The Plaintiff should be awarded punitive damages due to the Defendants' reckless and callous indifference to Brett Buffington's constitutional rights.

## COUNT THREE
## 42 USCA §1983
## 4th Amendment – Probable Cause to Arrest

31.

Made Defendant to Count Three: Officer Clifton Crouch.

32.

The Defendant named in this count acted under the color of law to deprive Brett Buffington of his clearly established rights under the 4th Amendment to the United States Constitution, which protects persons from unreasonable seizures.

33.

Officer Crouch had neither a warrant nor probable cause to arrest Buffington on May 29, 2015.

34.

Buffington was in a public place, exercising his first amendment right to freedom of speech and was not violating any law.

35.

When Officer Crouch perpetrated the arrest without a warrant or probable cause, he violated Buffington's 4th amendment right to be free from unreasonable seizure.

36.

As a result of the actions of the Defendants, the Plaintiff is entitled to damages for violation of his 4th Amendment rights.

37.

The Plaintiff should be awarded punitive damages due to the Defendants' reckless and callous indifference to Brett Buffington's constitutional rights.

## COUNT FOUR
### False Imprisonment

38.

Made Defendants to Count Four: Officer Clifton Crouch and the Baton Rouge Police Department.

39.

At all material times herein, Officer Clifton Crouch was an agent or employee of the Baton Rouge Police Department and the City/Parish of East Baton Rouge is liable for the negligence of its employees and agents pursuant to the doctrine of *respondeat superior*.

40.

The Defendants' actions led to the false imprisonment of Brett Buffington.

41.

Officer Crouch put handcuffs on Buffington and put him in the back of the police cruiser.

42.

Officer Crouch then took Buffington to the BRPD substation where he was shackled and taken to a holding cell. He was then taken to EBRPP where he was ordered to strip naked, bend over, and cough.

43.

Buffington was held against his will for 10 hours until he was released on bail.

44.

During this time, Buffington was subject to repeated acts of intimidation and humiliation from other inmates, he overheard an officer advising an inmate that they were going to "break" him, and was forced to watch a prison rape video, suggesting he may be raped while in custody.

45.

Plaintiff is entitled to compensatory damages due to Defendants falsely imprisoning him.

## COUNT FIVE
## Malicious Prosecution

46.

Made Defendants to this count: Officer Clifton Crouch and the Baton Rouge Police Department.

47.

At all material times herein, Officer Clifton Crouch was an agent or employee of the Baton Rouge Police Department and the City/Parish of East Baton Rouge is liable for the negligence of its employees and agents pursuant to the doctrine of *respondeat superior*.

48.

The Defendants are liable for the malicious prosecution of Brett Buffington.

49.

Officer Crouch commenced criminal proceedings against Buffington by arresting him without probable cause.

50.

Those proceedings were terminated in Buffington's favor when the District Attorney's Office made the decision not to prosecute him.

51.

Since those charges were dropped prior to trial, it is presumed that the Defendants acted with malice.

52.

The Defendants actions caused Buffington to suffer mental distress and has injured his professional and personal reputation.

53.

Buffington's ability to perform his duties as an investigative reporter has been seriously hindered. He can no longer effectively work with the Baton Rouge Police due to his fear of unlawful arrest. Working with local law enforcement is imperative to investigative reporting and without such contacts Buffington is forced to decide whether to break his contract with WBRZ and incur a significant termination fee.

54.

The Plaintiff is entitled to compensatory damage for Defendants' malicious prosecution.

## COUNT SIX
## Defamation

55.

Made Defendants to this count: Officer Clifton Crouch and the Baton Rouge Police Department.

56.

At all material times herein, Officer Clifton Crouch was an agent or employee of the Baton Rouge Police Department and the City/Parish of East Baton Rouge is liable for the negligence of its employees and agents pursuant to the doctrine of *respondeat superior*.

57.

The Defendants are liable for defamation of Brett Buffington.

58.

Officer Crouch falsely accused Buffington of two crimes.

59.

As a result, a mug shot of Brett Buffington and the story of his arrest appeared on the front page of The Advocate newspaper.

60.

Additionally, an entire podcast of the story aired on a local podcast called the *Red Shtick*.

61.

The story was also picked up by numerous websites and publications throughout the entire nation.

62.

As a direct result of Defendants' actions, Brett Buffington has suffered severe injury to his personal and professional reputation. Buffington will never be able to apply for another job without having to explain why he was arrested on a felony charge while carrying out his duties as a reporter.

63.

The Plaintiff is entitled to compensatory damages for Defendants' defamation.

64.

The Plaintiffs are entitled to and pray for a trial by jury.

**WHEREFORE**, the Plaintiff, Brett Buffington, prays for a trial by jury and that, after all proceedings are had, there be a *Judgment* in his favor and against all Defendants named herein for all damages as are reasonable under the circumstances, including compensatory damages, punitive damages, interest, attorney fees, and all costs of these proceedings.

Respectfully submitted:

NEWSOM LAW FIRM, LLC
4224 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
Telephone: 225-761-8000
Facsimile: 225-761-8200

By:    s/Amy E. Newsom
       Amy E. Newsom (30650)
       Drew D. Lyons (36558)

Franz Borghardt
6513 Perkins Road
Baton Rouge, LA 70808
Telephone: 225-767-7778
Facsimile: 225-757-0106

By:    s/ Franz Borghardt
       Franz Borghardt (30402)

*ATTORNEYS FOR PLAINTIFF, BRETT BUFFINGTON*