**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRETT BUFFINGTON**

                                             **CIVIL ACTION**

**VERSUS**

                                        **NO.   3:16-CV-00156-JJB-RLB**

**THE BATON ROUGE POLICE**
**DEPARTMENT & OFFICER CLIFTON**
**CROUCH**
*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

## ANSWER TO COMPLAINT

       **NOW INTO COURT**, through undersigned counsel, come defendant, BATON

ROUGE POLICE DEPARTMENT (hereinafter referred to as "BRPD"), who for response

to plaintiff's complaint denies each and every allegation contained therein except those that

may be hereinafter admitted as follows:

**FIRST DEFENSE - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN**
**BE  GRANTED**

       Plaintiff's complaint fails to state a claim upon which relief can be granted because

there are insufficient factual allegations showing that defendants violated any of plaintiff's

civil rights under the United States Constitution, or applicable federal law.

       A violation of plaintiff's state created civil rights or liberties does not state a claim

upon which relief can be granted by this Court.

**SECOND DEFENSE - NO CONSTITUTIONAL DEPRIVATION OF LIFE, LIBERTY**
**OR  PROPERTY WITHOUT DUE PROCESS OF LAW.**

       Defendants did not deprive plaintiff of any vested liberty or property interests in

violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiff received all the process that was due under the Constitution of the United States.

## THIRD DEFENSE - NO FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION

Defendants did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation.

In the alternative, if force was used against plaintiff, then the only force used was that force reasonably necessary for defendants to bring plaintiff under control in order to protect the life and safety of plaintiff,  and all others present and to maintain the security of the situation.  It did not constitute any unnecessary and wanton infliction of pain.

## FOURTH DEFENSE - ABSOLUTE AND/OR QUALIFIED IMMUNITY

In the alternative, if any defendant is found by the Court to have violated plaintiff's civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations.  Defendant's conduct did not violate any clearly established constitutional or statutory rights of plaintiff of which a reasonable person would have known.  Said defendants further show that their beliefs in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983.  Further, defendants are entitled to statutory immunity pursuant to La. R.S. 9:2798.1.

**FIFTH DEFENSE - COMPARATIVE FAULT**

In the alternative, if any defendant is found to have violated plaintiff's rights and is not entitled to the defense of qualified immunity, then plaintiff through intentional or negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

**SIXTH DEFENSE - FAILURE TO MITIGATE DAMAGES**

The plaintiff has failed to mitigate his damages.

**SEVENTH DEFENSE - DENIAL OF RELIEF PRAYED FOR**

Plaintiff is not entitled to injunctive, declaratory, or monetary relief.

Plaintiff is not entitled to attorney fees under 42 U.S.C. 1988.

**IN FURTHER ANSWER:**

**1.**

The allegations contained in paragraph 1 require no answer by defendant, however, in the event that an answer is required, the Baton Rouge Police Department, hereby admits their name and status only as a defendant in the above-captioned lawsuit.

**2.**

The allegations contained in paragraph 2 are denied for lack of sufficient information to justify a reasonable belief therein.

**3.**

The allegations contained in paragraphs 3 are denied for lack of sufficient information to justify a reasonable belief therein.

**4.**

The allegations contained in paragraph 4 are denied for lack of sufficient information to justify a reasonable belief therein.

**5.**

The allegations contained in paragraph 5 is denied for lack of sufficient information to justify a reasonable belief therein.

**6.**

The allegations contained in paragraph 6 are denied for lack of sufficient information to justify a reasonable belief therein.

**7.**

The allegations contained in paragraph 7 are denied for lack of sufficient information to justify a reasonable belief therein.

**8.**

The allegations contained in paragraph 8 are denied for lack of sufficient information to justify a reasonable belief therein.

**9.**

The allegations contained in paragraph 9 are denied for lack of sufficient information to justify a reasonable belief therein.

**10.**

The allegations contained in paragraph 10 are denied for lack of sufficient information to justify a reasonable belief therein.

**11.**

The allegations contained in paragraph 11 are denied for lack of sufficient information to justify a reasonable belief therein.

**12.**

The allegations contained in paragraph 12 are denied for lack of sufficient information to justify a reasonable belief therein.

**13.**

The allegations contained in paragraph 13 are denied for lack of sufficient information to justify a reasonable belief therein.

**14.**

The allegations contained in paragraph 14 require no answer by the defendant, BRPD.

**15.**

The allegations contained in paragraph 15 require no answer by the defendant, BRPD.

**16.**

The allegations contained in paragraph 16 require no answer by the defendant, BRPD.

**17.**

The allegations contained in paragraph 17 require no answer by the defendant, BRPD.

**18.**

The allegations contained in paragraph 18 require no answer by the defendant, BRPD.

**19.**

The allegations contained in paragraph 19 require no answer by the defendant, BRPD.

**20.**

The allegations contained in paragraph 20 require no answer by the defendant, BRPD.

**21.**

The allegations contained in paragraph 21 require no answer by the defendant, BRPD.

**22.**

The allegations contained in paragraph 22 require no answer by the defendant, BRPD.

**23.**

The allegations contained in paragraph 23 require no answer by the defendant, BRPD.

**24.**

The allegations contained in paragraph 24 require no answer by the defendant, BRPD.

**25.**

The allegations contained in paragraph 25 require no answer by the defendant, BRPD.

**26.**

The allegations contained in paragraph 26 require no answer by the defendant, BRPD.

**27.**

The allegations contained in paragraph 27 require no answer by the defendant, BRPD.

**28.**

The allegations contained in paragraph 28 require no answer by the defendant, BRPD.

**29.**

The allegations contained in paragraph 29 require no answer by the defendant, BRPD.

**30.**

The allegations contained in paragraph 30 require no answer by the defendant, BRPD.

**31.**

The allegations contained in paragraph 31 require no answer by the defendant, BRPD.

**32.**

The allegations contained in paragraph 32 require no answer by the defendant, BRPD.

**33.**

The allegations contained in paragraph 33 require no answer by the defendant, BRPD.

**34.**

The allegations contained in paragraph 34 require no answer by the defendant, BRPD.

**35.**

The allegations contained in paragraph 35 require no answer by the defendant, BRPD.

**36.**

The allegations contained in paragraph 36 require no answer by the defendant, BRPD.

**37.**

The allegations contained in paragraph 37 require no answer by the defendant, BRPD.

**38.**

The allegations contained in paragraph 38 require no answer by the defendant, however, in the event that an answer is required, the Baton Rouge Police Department hereby admits their name and status only as defendant in the above-captioned lawsuit.

**39.**

The allegations contained in paragraph 39 are admitted as to Officer Crouch being an employee of the Baton Rouge Police Department at the time of the alleged incident, all other allegations in paragraph 39 are hereby denied.

**40.**

The allegations contained in paragraph 40 are denied.

**41.**

The allegations contained in paragraph 41 are denied for lack of sufficient information to justify a reasonable belief therein.

**42.**

The allegations contained in paragraph 42 are denied for lack of sufficient information to justify a reasonable belief therein.

**43.**

The allegations contained in paragraph 43 are denied for lack of sufficient information to justify a reasonable belief therein.

**44.**

The allegations contained in paragraph 44 are denied for lack of sufficient information to justify a reasonable belief therein.

**45.**

The allegations contained in paragraph 45 are denied.

**46.**

The allegations contained in paragraph 46 require no answer by the defendant, however, in the event that an answer is required, the Baton Rouge Police Department hereby admits their name and status only as defendant in the above-captioned lawsuit.

**47.**

The allegations contained in paragraph 47 are admitted as to Officer Crouch being an employee of the Baton Rouge Police Department at the time of the alleged incident, all other allegations in paragraph 47 are hereby denied.

**48.**

The allegations contained in paragraph 48 are denied.

**49.**

The allegations contained in paragraph 49 are denied.

**50.**

The allegations contained in paragraph 50 require no answer by the defendant, however, in the event that an answer is required, defendant, Baton Rouge Police Department, hereby denies the allegations for lack of sufficient information to justify a reasonable belief therein.

**51.**

The allegations contained in paragraph 51 are denied.

**52.**

The allegations contained in paragraph 52 are denied for lack of sufficient information to justify a reasonable belief therein.

**53.**

The allegations contained in paragraph 53 are denied for lack of sufficient inforamtion to justify a reasonable belief therein.

**54.**

The allegations contained in paragraph 54 are denied.  Plaintiff provided in paragraph 50 that he was never prosecuted.  As such, the allegations in paragraph 54 are baseless.

**55.**

The allegations contained in paragraph 55 require no answer by defendants, however, in the event that an answer is required, the Baton Rouge Police Department hereby admits their name and status only as defendant in the above-captioned lawsuit.

**56.**

The allegations contained in paragraph 56 are admitted as to Officer Crouch being an employee of the Baton Rouge Police Department at the time of the alleged incident, all other allegations in paragraph 56 are hereby denied.

**57.**

The allegations contained in paragraph 57 are denied.

**58.**

The allegations contained in paragraph 58 are denied.

**59.**

The allegations contained in paragraph 59 are denied for lack of sufficient information to justify a reasonable belief therein.

**60.**

The allegations contained in paragraph 60 are denied for lack of sufficient information to justify a reasonable belief therein.

**61.**

The allegations contained in paragraph 61 are denied for lack of sufficient information to justify a reasonable belief therein.

**62.**

The allegations contained in paragraph 62 are denied for lack of sufficient information to justify a reasonable belief therein.

**63.**

The allegations contained in paragraph 63 are denied.

**64.**

The allegations contained in paragraph 64 require no answer by the defendant, BRPD.

**65.**

Defendants demand trial by jury as to all claims and issues properly triable by a jury.

**WHEREFORE**, defendant, BATON ROUGE POLICE DEPARTMENT, prays that their answer and defenses to Plaintiff's Complaint be deemed good and sufficient and that after all legal delays and due proceedings are had there by judgment:

1. Dismissing Plaintiff's Complaint in whole or in part for failure to state a claim upon which relief can be granted;

2. For judgment dismissing Plaintiff's claims on the merits as a matter of law;

3. To the extent judgment may be awarded in Plaintiff's favor and against Defendant, that such judgment be reduced in whole in part due to the fault, negligence and conduct of Plaintiff himself; and

4. For all other relief which may be just and equitable in the premises.

**By Attorneys:**

**Lea Anne Batson**
**Parish Attorney**

**/s/ Tedrick K. Knightshead**
**Tedrick K. Knightshead, T.A. (#28851)**
**First Assistant Parish Attorney**
**Deelee S. Morris (#28775)**
**Assistant Parish Attorney**
**222 St. Louis Street, 9th Floor (70802)**
**P.O. Box 1471**
**Baton Rouge, LA 70821**
**Telephone: (225) 389-3114**
**Facsimile:   (225) 389-8736**

13

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**BRETT BUFFINGTON**

                                          **CIVIL ACTION**

**VERSUS**

                                          **NO.   3:16-CV-00156-JJB-RLB**

**THE BATON ROUGE POLICE**
**DEPARTMENT & OFFICER CLIFTON**
**CROUCH**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE

       I hereby certify that a copy of the foregoing Answer was this date electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

       Baton Rouge, Louisiana this  **1ˢᵗ** day of **April**, 2016.

                                  **/s/ Tedrick K. Knightshead**
                                  **TEDRICK K. KNIGHTSHEAD**